**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ANTHONY RAMOS,          )
          )
      Plaintiff,      )
          )
      v.          )      C.A. No. N22C-07-130 CEB
          )
HEADSTRONG GROUP, INC.,    )
          )
      Defendant.    )

**ORDER**

Submitted: November 15, 2022
Decided: January 19, 2023

*Upon Consideration of Plaintiff Anthony Ramos's*
*Motion for Final Declaratory Judgment.*
**DENIED**

On this 19th day of January 2023, the Court makes the following findings and conclusions:

1. Headstrong Group ("Headstrong") was incorporated in Delaware in 1995. It was subsequently registered with the U.S. Securities and Exchange Commission (the "SEC").[1] Headstrong then apparently went out of business and its Delaware charter lapsed for want of paying it reports and taxes. Plaintiff Ramos is attempting

---

[1] Compl. ¶ 4, D.I. 1 [hereinafter "Compl."]; *see* DE DOS ID no: 2472785.

1

to revive the entity on the books of the Delaware Secretary of State, a point from which he believes it will be recognized by the SEC.

2. Mr. Ramos has advised the Court that Headstrong is in "direct violation" of Delaware law regarding "filing of corporate reports and tax returns."[2] Further, Headstrong failed make the required financial reporting to OTC Markets Group, Inc. and to bring its file current in compliance with SEC Rule 15c-211.[3]

3. Mr. Ramos says that he has "revived" the Headstrong entity with the Secretary of State, and now seeks a "court order" in order to bring it back into the good graces of the SEC.[4] Accordingly, Mr. Ramos asks the court to issue a "declaratory judgment" naming him the successor to Headstrong so he may reactivate both the SEC and OTC files to conduct business.[5]

4. On July 29, 2022, the Court issued a writ for the Summons to be served by the Sheriff to Headstrong's last known registered agent.[6] The Summons and Complaint were served on August 1, 2022.[7] In the time since, Headstrong has failed to respond, which is about what one might expect, given Mr. Ramos' representations above.

---

[2] *Id.* ¶ 3.
[3] *Id.* ¶¶ 5-9.
[4] Mot. for Decl. J. ¶ 5, D.I. 4 [hereinafter "Mot. for Decl. J."].
[5] *Id.*; Compl. ¶¶ 12, 23.
[6] D.I. 2.
[7] D.I. 3.

5. Mr. Ramos has been quite candid with the Court: he only wants a declaratory judgment—an Order he can bring to the SEC so he can show that a court of competent jurisdiction has ruled that the corporation is in good standing and that he is the sole shareholder of Headstrong. So armed, he seeks to "revive" the corporation's access to capital markets though the SEC. He does not seek any monetary damages or jury trial.[8]

6. The grant of a declaratory judgment in Superior Court is a matter within the sound discretion of the Court.[9] When one of the parties to the dispute is a defunct entity that has not appeared, the Court does not have the benefit of the typical dialectic of a litigated dispute, which weighs strongly against granting a declaratory judgment.

7. Other factors weigh against entering the requested relief. Mr. Ramos says he has "revived" Headstrong with the Delaware Secretary of State but has presented no materials demonstrating to the Court that he has standing to bring this action. He may have an idea that he can do all he says he has, or intends to do, but whether he has a sufficient stake in the conduct of the affairs of Headstrong to seek a declaration of its legal status seems dubious.

---

[8] *Id.*
[9] 10 Del. C. §6506. *See, e.g., Burris v. Cross*, 583 A.2d 1364 (Del. Super. 1990) (declaratory judgment action dismissed where same issue pending in Chancery Court).

8. The Delaware General Corporation Law (the "DGCL"), 8 *Del. C.* §226 provides that the Court of Chancery is the court with jurisdiction over the winding up of the affairs of a corporation. Under Section 226, the Court of Chancery "upon application of any stockholder, may appoint 1 or more persons to be custodians, and, if the corporation is insolvent, to be receivers, of and for any corporation when . . . the corporation has abandoned its business and has failed within a reasonable time to take steps to dissolve, liquidate or distribute its assets."[10]

9. Given the obvious and natural "fit" between Plaintiff's request and the Court of Chancery, one might ask why Plaintiff did not seek relief in that court *ab initio*. It may be because that Court, faced with numerous efforts to revive Delaware corporations for fun and profit, has uniformly rejected these efforts as against the public policy of Delaware. Indeed, these cases likewise have openly sought to revive Delaware corporations for the purpose of reaching public financial markets through reverse mergers and similar back door routes. But in an unbroken line of cases, from *Clabault v. Caribbean Select, Inc.*[11] to *Klamka v. OneSource Technologies, Inc.*[12] to

---

[10] 8 *Del. C.* § 226(a)(3) (formatting omitted).

[11] 805 A.2d 913 (Del. Ch. 2002) (declining to order annual meeting pursuant to 8 *Del. C.* § 211(c) where order would allow Delaware corporation to be used to bypass traditional public registration process).

[12] 2008 WL 5330541 (Del. Ch. Dec. 15, 2008) (declining to appoint custodian that would allow Delaware corporation to be used for reverse merger to bypass traditional public registration process).

*In re Native American Energy Group, Inc.*[13] to *In re Forum Mobile, Inc.,*[14] the Delaware Court of Chancery has refused to endorse revival of Delaware entities for the purpose of accessing financial markets.

10. This may explain why Plaintiff did not seek an Order in the Court of Chancery. It also explains why this Court will not exercise its discretion to grant him a declaratory judgment by default against Headstrong.

11. Perhaps Mr. Ramos believes he has come up with the "new, improved" way to open the doors of defunct Delaware corporations. But he will not get a Court Order from this Court as the Court will exercise its discretion to deny the request. He is free to seek such an Order from the preeminent court in the nation on the DGCL, the Delaware Court of Chancery.

12. For the foregoing reasons, Mr. Ramos's motion for declaratory judgment is **DENIED** and his Complaint is **DIMISSED WITHOUT PREJUDICE**. Pursuant to 10 *Del. C.* § 1902, Mr. Ramos may file a written election to transfer his claim to the Court of Chancery within 60 days.

---

[13] 2011 WL 1900142, at 7 (Del. Ch. May 19, 2011) ("Delaware has no interest in facilitating reverse mergers with defunct but still publicly registered shell corporations as a means to circumvent the regulatory protections provided by the federal securities laws.").

[14] 270 A.3d 878 (Del. Ch. 2022) (refusing to allow appointment of custodian of dormant corporation for purposes of creating a blank check company to be used in a merger).

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge